FILED
CLERK

1:50 pm, Jan 26, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MALIKA T. JOHNSON,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-mc-03114 (JMA)

**AZRACK, United States District Judge:**

On October 6, 2022, Petitioner Malika T. Johnson ("Johnson") filed a letter requesting the Court expunge the record of her conviction entered in criminal action 06-cr-553 (JFB) on June 22, 2010. (ECF 58.) Regrettably, for the reasons set forth below, the court must deny Johnson's request for lack of subject matter jurisdiction.

## BACKGROUND

As detailed in the docket sheet in Petitioner's above referenced underlying criminal case, on November 2, 2006, the petitioner pleaded guilty to Count One of the Indictment for conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §846 and 841(b)(1)(B)(iii). On June 21, 2010, the petitioner was sentenced by the Honorable Joseph F. Bianco, then-United States District Judge for the Eastern District of New York, to a term of "time served" and 4 years of supervised release.

On October 6, 2022, Johnson filed a letter asking this Court to expunge the record of her conviction. (ECF 1.) Petitioner Johnson states that because of her criminal record she cannot attend nursing school.

## DISCUSSION

Federal district courts have subject matter jurisdiction only where the Constitution or federal statute provides it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

1

*Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). That jurisdiction is expanded, to a limited degree, by the doctrine of ancillary jurisdiction, which extends a federal court's jurisdiction to "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378; *accord Doe*, 833 F.3d at 197.

In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress. *Doe*, 833 F.3d at 197.[1] Here, Johnson does not point to any such exception that would authorize the Court to consider her request to expunge the record of her conviction based on the equitable grounds she asserts in her letter. (*See* ECF 1.) The Court is likewise aware of none. *Accord, e.g.*, *Lucky v. United States*, No. 15-MC-1979, 2016 WL 525474, at *2 (E.D.N.Y. Feb. 8, 2016) ("At this time, no constitutional provision or federal statute grants federal courts the power to expunge a criminal conviction on equitable grounds.").

As for the Court's ancillary jurisdiction, the Second Circuit recently confirmed in Doe v. United States that a federal district court's ancillary jurisdiction under Kokkonen does not extend to petitions to seal or expunge a criminal conviction on equitable grounds. Doe, 833 F.3d at 198-99 (vacating district court's order expunging record of criminal conviction on equitable grounds, and remanding with instructions to dismiss the proceeding for lack of jurisdiction). The Second Circuit's decision in Doe mandates dismissal of Johnson's request.

---

[1] Those limited exceptions include, for example, 18 U.S.C. § 3607(c), which authorizes a federal district court to enter a judgment of expungement upon the application of certain drug offenders who were less than twenty-one years old at the time of the offense. *Doe*, 833 F.3d at 197 (citing 18 U.S.C. § 3607(c)).

## CONCLUSION

For the reasons stated above, Johnson's motion to expunge her criminal record is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

                                                                                                 /s/ JMA  
                                                                                                 Joan M. Azrack  
Dated:   January 26, 2023                            United States District Judge  
            Central Islip, New York